[Cite as *State v. McCain*, 2014-Ohio-2594.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 13 |
| ALEA McCAIN | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  13 CR 040


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 16, 2014


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

STEVE KNOWLING                      DAVID M. HUNTER
PROSECUTING ATTORNEY                244 West Main Street
164 East Jackson Street             Loudonville, Ohio   44842
Millersburg, Ohio  44654

*Wise, J.*

{¶1}. Appellant Alea McCain appeals her consecutive sentences in the Court of Common Pleas, Holmes County, following a plea agreement on several felony drug trafficking counts. The relevant procedural facts leading to this appeal are as follows.

{¶2}. On June 10, 2013, appellant was indicted by the Holmes County Grand Jury on the following six counts:

{¶3}. Count I: (Alleged to have occurred on or about April 12, 2013), Aggravated Trafficking (Percocet/Hydrocodone), R.C. 2925.03(A)(1), 2925.03(C)(1)(a), and 2925.03(C)(1)(b), a Felony of the Third Degree;

{¶4}. Count II: (Alleged to have occurred on or about April 12, 2013), Trafficking in Marijuana, R.C. 2925.03(A)(1), 2925.03(C)(3)(a), and 2925.03(C)(3)(b), a Felony of the Fourth Degree;

{¶5}. Count III: (Alleged to have occurred on or about April 14, 2013), Aggravated Trafficking (Percocet/Hydrocodone), R.C. 2925.03(A)(1) and 2925.03(C)(1)(a), a Felony of the Fourth Degree;

{¶6}. Count IV: (Alleged to have occurred on or about April 14, 2013), Trafficking in Marijuana, R.C. 2925.03(A)(1) and 2925.03(C)(3)(a), a Felony of the Fifth Degree;

{¶7}. Count V: (Alleged to have occurred on or about April 17, 2013), Trafficking in Marijuana, R.C. 2925.03(A)(1) and 2925.03(C)(3)(a), a Felony of the Fifth Degree, and;

{¶8}. Count VI: (Alleged to have occurred on or about May 20, 2013), Aggravated Trafficking (Percocet/Hydrocodone), in violation of R.C. 2925.03(A)(1) and 2925.03(C)(1)(c), a Felony of the Second Degree.

{¶9}. Furthermore, Counts I, II, and VI were alleged to have been committed within the vicinity of a school. Forfeiture specifications were also attached to all of the counts.

{¶10}. Appellant appeared for arraignment on June 19, 2013. A change of plea hearing was conducted by the trial court on August 21, 2013. At that time, appellant entered a plea of guilty to Counts I, II, III, IV. Appellant also entered a plea of guilty to Count VI after it was amended to a felony of the third degree. Count V was dismissed. A companion case, 13CR079, was also dismissed. A presentence investigation was also ordered.

{¶11}. The trial court conducted a sentencing hearing on September 26, 2013. The trial court thereupon sentenced appellant to eighteen months on Count I, twelve months on Count II, twelve months on Count III, eleven months on Count IV, and twelve months on amended Count VI. Counts I through IV were ordered to be served concurrently with each other and consecutively to Count VI, for a total prison sentence of thirty months.

{¶12}. Appellant filed a notice of appeal on October 24, 2013. Appellant herein raises the following sole Assignment of Error:

{¶13}. "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES. "

I.

{¶14}. In her sole Assignment of Error, appellant contends the trial court erred in sentencing her to consecutive prison terms. We disagree.

{¶15}. 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster. See State v. Wells,* Cuyahoga App.No. 98428, 2013–Ohio–1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley,* Marion App.No. 9–12–31, 2013–Ohio–852, ¶ 12, citing *State v. Frasca,* Trumbull App.No. 2011–T–01 08, 2012–Ohio–3746, ¶ 57. Likewise, "*** under H.B. 86, a trial court is not required to articulate and justify its findings at the sentencing hearing when it imposes consecutive sentences as it had to do under S.B. 2." *State v. Redd,* Cuyahoga App.No. 98064, 2012–Ohio–5417, ¶ 12. But the record must demonstrate that consecutive sentences are appropriate and clearly supported. *See State v. Ducker,* Stark App.No. 2012CA00192, 2013–Ohio–3657, ¶ 16.

{¶16}. R.C. 2929.14(C)(4) states as follows:

{¶17}. "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶18}. "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶19}. "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶20}. "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶21}. In the case sub judice, the trial court set forth the following findings, in pertinent part, at the sentencing hearing:

{¶22}. "The Court finds that consecutive sentences are necessary to protect the public from future crimes. At least two (2) of these multiple offenses were committed as one or more course [sic] of conduct and the harm caused by two or more of the multiple offenses so committed were so great or unusual that no single prison term for any of these offenses committed as part of any of the course and conduct adequately affect [sic] the seriousness of the Offender's conduct and consecutive sentences are dis ... are

not disappropriate [sic] uh, to the seriousness of the Offender's conduct and the danger of the offense imposed to the public."

**{¶23}.** Sentencing Tr. at 8.

**{¶24}.** Similar written findings were made in the written sentencing entry.

**{¶25}.** In the case sub judice, appellant is in her early twenties and has one prior reported adult conviction, which resulted in probation. However, there is no dispute that appellant sold ten Percocet pills and marijuana on April 12, 2013, while at the Holmesville Bell Store parking lot. These acts were in the vicinity of a school. Furthermore, on April 14, 2013, at Skip's Car Wash, appellant again sold Percocet pills and marijuana. Finally, on May 20, 2013, while at the Holmesville Bell Store, appellant sold a large quantity of Oxycodone pills. See Tr., August 21, 2013, at 12. This act was also within the vicinity of a school. Appellant's trafficking offenses were thus spread out over two locations and three dates.

**{¶26}.** Appellant nonetheless urges that the trial court contradicted itself by finding the harm caused by two or more of the offenses was "so great or unusual" that consecutive sentences were appropriate in the matter, while also finding, in its redress of the seriousness factors of R.C. 2929.12, that "no serious harm to persons or property were [sic] expected." See Sentencing Tr. at 7. We first note that any findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. O'Donnell,* Summit App.No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted). Even so, it is quite possible that the trial court's conceptualization of "harm" under R.C. 2929.14(C)(4)(b) was more expansive than under R.C. 2929.12 based on the potential consequences of appellant's

contribution to the flow of illegal drugs into the community. In any case, the alleged discrepancy does not render the trial court's consecutive sentences in this matter unreasonable, arbitrary or unconscionable, or contrary to law, and, upon review, we find the trial court adequately made the findings set forth under R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(b), both at sentencing and in the written entry.

{¶27}. Appellant's sole Assignment of Error is therefore overruled.

{¶28}. For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 0603